### Michael Kenny, Ex'r, etc., v. Hardin C. Keplinger.

1. TRUSTEES—*Converting a Trust Fund—Remedy of the Beneficiary.*—When a trustee has committed a breach of trust and converted to his own use a trust fund, the beneficiary of the fund may elect to accept the proceeds of the conversion or he may hold the trustee to an accounting for the original fund.

2. EXECUTORS—*Duty to Secure Collections for His Estate.*—It is the duty of an executor, when it becomes in order to secure the collection of a judgment or decree belonging to the estate he represents, to bid for, and become the purchaser of real estate sold at judicial sales made in the interest of such estate, and the premises so purchased are to be considered as assets in his hands and may be sold again by him with the approval of the court, and the money arising from such sale must be accounted for and paid over the same as other moneys in his hands.

3. SAME—*Premises Purchased to be Assets.*—When an executor purchases property at a judicial sale made in the interest of the estate he represents, such property is to be considered as assets in his hands.

**Bill for Accounting.**—Appeal from the Circuit Court of Morgan County; the Hon. ROBERT E. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

MORRISON & WORTHINGTON, attorneys for appellant.

JOHN I. RINAKER and EDWARD P. KIRBY, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

On the 13th of July, 1892, William C. Clark died, testate, in Morgan county, Ill., owning farm lands of about the value of $15,000, and personal effects of about the value of $28,500. He left a widow, Sarah Clark, but no children.

By the will, which was duly probated, he placed his entire estate under the control of his wife, using the following language :

" I give and bequeath to my beloved wife, Sarah Clark, all of my real estate, personal property, moneys, goods, chattels and effects of any and every nature whatever, to her sole use and benefit, her lifetime; that after the death of my beloved wife, Sarah Clark, that whatever remains of my property, I will that it be divided as hereinafter mentioned."

The will made Sarah Clark executrix without bond and provided that in case of her death, or inability to act, Michael Kenny should act as executor.

Sarah Clark acted as executrix from the date of her letters testamentary, July 22, 1882, to the time of her death,

April 13, 1896. The most of the personal estate consisted of notes, and during that time she collected them and invested the proceeds, sometimes taking notes payable to herself individually. Upon her death, appellee was appointed administrator of her estate, and as such took possession of all the personal effects which she had in her control.

On the 9th of May, 1896, Michael Kenny obtained letters as executor of the estate of William C. Clark, and demanded of appellee possession of all the effects which had come into his possession as administrator of the estate of Sarah Clark. Proceedings were instituted, by petition, in the County Court of Morgan County, to compel the transfer of the effects as demanded, which resulted in a denial of the order applied for. An appeal was prosecuted to the Circuit Court, where a trial was had with like result. The Appellate Court affirmed the judgment of the Circuit Court, but on appeal to the Supreme Court, the various judgments mentioned were reversed, and the cause remanded to the County Court. When the case was reinstated in the County Court Kenny dismissed his petition and began this suit in chancery for an accounting against appellee.

After the filing of an answer and replication in the Circuit Court the cause was referred to the master for proofs and findings. The master took the proofs and made an elaborate report of findings and statement of account. Numerous exceptions to the report were filed by the defendant, some of which were sustained and others overruled. It would render this opinion too lengthy to discuss them in detail. It is only necessary to consider the main features of the decree.

The court found the equities of the cause with the complainant; found that the property inventoried by the defendant as belonging to the estate of Sarah Clark was held by him in trust for the benefit of the estate of William C. Clark, and that the complainant, as executor of the will of Clark, was entitled to have the same paid over and delivered to him by the defendant. The court charged the defendant with $30,354.41, and gave him credit with vari-

ous items paid out to the amount of $5,834.40, leaving a balance of $24,520.01.

Among the assets which came to the hands of appellee, were certain promissory notes, payable to Mrs. Clark and secured by mortgage on real estate; one for $5,000, executed by Martha Crabtree; one by Washington Sample for $4,000; one by A. J. Morris for $2,550; one by John M. Conlee for $1,650; and one by Michael Kenny (appellant) for $2,000. Appellee, as administrator, instituted foreclosure suits against the parties, obtained decrees, had the mortgaged lands sold by the master, and bid them in for debt and costs. The makers were at the time insolvent. The aggregate amount of the sales was $23,630.07. Upon the trial appellant contended that appellee was a trustee *de son tort*, and was therefore personally liable for the several amounts of his bids, with five per cent interest thereon. The position taken was that in assuming control of the securities mentioned and foreclosing the mortgages appellee had acted without right or justification, and that appellant as executor had the right of electing whether he would take the certificates of purchase held by appellee or compel him to respond in money for the full amount of his bids. He declared his election to charge appellee with the amount of his bids. The chief contest upon the trial, therefore, was whether appellee in the accounting by the court should be so charged, or whether he should be allowed to turn over to appellant the several certificates of purchase at their face value. The court took the latter view and decreed that appellee should assign and deliver to appellant the certificates, and pay to him $889.94, the balance found due after a delivery of the certificates, in full settlement with appellant. It is this portion of the decree that appellant complains of, and on account of it the case is brought to this court for review.

By the clause of the will above quoted is manifested an intention on the part of the testator to provide ample support for his widow, and to that end she was given untrammeled control of the entire estate, including the income and any part of the principal she might see fit to expend

for her benefit. The personal property remaining in her hands at the time of her death, therefore, was chargeable with the debts she had contracted while living. For that reason the court properly allowed as credits for appellee all claims which had been regularly probated against the estate of Sarah Clark and paid by him.

This court recognizes to its fullest extent the rule of equity jurisprudence that, when a trustee has committed a breach of trust and converted to his own use a trust fund, the beneficiary of the fund may elect to accept the proceeds of the conversion, or may hold the trustee to an accounting for the original funds. We do not regard appellee as occupying the position of such a trustee, however. At the time he instituted suits for the foreclosure of the mortgages mentioned he had been declared by the County Court, by the Circuit Court and by this court a regularly appointed administrator, with full power to take charge of, and manage to the best of his ability, the entire personal property of his intestate. As a part of the property he found five overdue notes and mortgages against parties who were insolvent. By foreclosing the mortgages he sought only to protect the estate committed to his charge by the court. He was seeking no benefit or advantage to himself.

Section 38, chapter 77 of the Revised Statutes provides:

"When it is necessary, in order to secure the collection of a judgment or decree belonging to any estate, it shall be the duty of the executor or administrator to bid for and become the purchaser of real estate at the sale thereof by the sheriff, master in chancery, or other officer. The premises so purchased shall be assets in his hands, and may be again sold by him with the approval of the County Court, and the money arising from such sale shall be accounted for and paid over as other moneys in his hands."

Under this statute it was the duty of appellee to do just what he did do when the property was offered by the master. The certificates were issued to him as administrator. Counsel for appellant contend that the word "administrator," as it appears in the certificates, is only descriptive of the person, and that the purchases should be regarded as

made individually for his own benefit. We are asked to so hold. Such a holding would be in the face of all the facts and circumstances attending the foreclosure proceedings and the sales by the master.

We think appellant has no just cause for complaint of the decree. Decree affirmed.